UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

DEREK MORTLAND, )
)
Plaintiff, )
)
vs. )
)
)
)
SADASHIVA, LLC, )
)
Defendant. )
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: _3:26-cv-256_____

JUDGE _CHB_____

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1ST CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disability Act of 1990 ("Title III" and "ADA"), 42 U.S.C. §§ 12181 *et seq*.

**2ND CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Kentucky Civil Rights Act, KRS 344, *et seq.*

**3RD CAUSE OF ACTION:** For Violations of the Kentucky Consumer Protection Act.

**FILED**

JAMES J. VILT JR,
CLERK

4/9/2026

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

Plaintiff Derek Mortland complains of Defendant Sadashiva, LLC and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, the Kentucky Civil Rights Act, KRS 344, *et seq.*, and the Kentucky Consumer Protection Act.

2.      Plaintiff Derek Mortland is a person with physical disabilities who, on or about

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

October 19, 2025 through October 20, 2025, was an invitee, guest, patron, or customer at Defendant's property, which houses the Holiday Inn Louisville Airport South hotel, located at 6551 Paramount Park Drive, Louisville, KY 40213. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Kentucky legal requirements, and Mr. Mortland suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.      **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Kentucky law, whose goals are closely tied with the ADA, including but not limited to violations of the Kentucky Civil Rights Act, KRS 344, *et seq.*

4.      **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Louisville, County of Jefferson, State of Kentucky and that plaintiffs' causes of action arose in this district.

**PARTIES:**

5.      Plaintiff Derek Mortland is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) Mr.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2

Mortland is a "person with physical disabilities," as defined by all applicable Kentucky and United States laws. Mr. Mortland requires the use of a wheelchair to travel about in public. Consequently, Mr. Mortland is a member of that portion of the public whose rights are protected by the ADA and the Kentucky Civil Rights Act.

6.   Defendant Sadashiva, LLC, a Kentucky limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by the Holiday Inn Louisville Airport South hotel, a public accommodation, located at/near 6551 Paramount Park Drive, Louisville, KY 40213, and subject to the requirements of Kentucky state law requiring full and equal access to public facilities pursuant to the Kentucky Civil Rights Act, KRS 344, *et seq.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.   At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject Holiday Inn Louisville Airport South hotel as a public facility at/near 6551 Paramount Park Drive, Louisville, KY 40213. The business, the Holiday Inn Louisville Airport South hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of the Kentucky Civil Rights Act, KRS 344, *et seq.*

8.   At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 6551 Paramount Park Drive, Louisville, KY 40213. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

§ 36.201          General

> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.   Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, the Holiday Inn Louisville Airport South hotel, located at 6551 Paramount Park Drive, Louisville, KY 40213. Defendant's Holiday Inn Louisville Airport South hotel and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the Holiday Inn Louisville Airport South hotel to handicapped access requirements.

11. Plaintiff Derek Mortland is a person with a disability. Mr. Mortland is a "physically disabled person," as defined by all applicable Kentucky and United States laws. Mr. Mortland is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the Holiday Inn Louisville Airport South hotel as being handicapped accessible and handicapped usable.

13. For example, on its website, the Holiday Inn Louisville Airport South hotel advertised that the hotel had the following accessible amenities:

a. Accessible parking;

b. Accessible self parking available;

c. Van Accessible self parking available;

d. Complimentary accessible transportation with advance notice;

e. Flat terrain between parking and entrance;

f. Curb Ramps and wheelchair accessible street parking;

g. Number of wheelchair accessible parking spaces: 6;

h. Designated accessible parking spaces with posted signs;

i. Disabled or accessible parking;

j. Ramp access to property.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5

14.  Mr. Mortland, who is from Columbus, Ohio, traveled to the National Corvette Museum Motorsports Park in Bowling Green, KY for a racing event sponsored by the National Auto Sport Association, and required lodging.

15.  Around October 19, 2025, Mr. Mortland reserved a one-night stay, in one of the hotel's "1 King Bed Standard Mobility Accessible Tub" guestrooms.

16.  Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, Mr. Mortland personally encountered architectural barriers which discriminated against him and denied him the full and equal access to the property.

17. At said time and place, Mr. Mortland, who is a person with disabilities, encountered the following inaccessible elements of the subject Holiday Inn Louisville Airport South hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, the following barriers to access were personally encountered by Mr. Mortland:

**Parking**

a.  The far-left access aisle at the Holiday Inn Louisville had a running slope significantly greater than 2%, in violation of 2010 ADAS 502.4. This excessive slope made it difficult and unsafe for Mr. Mortland to maneuver his wheelchair, increasing the risk of tipping or rolling uncontrollably.

b.  The leftmost access aisle contained abrupt edges and surface irregularities over 1/4 inch, which violated 2010 ADAS 502.4. These irregularities posed a tipping hazard and made safe transfer from the vehicle challenging for Mr. Mortland.

c.  The required parking signage was missing at the leftmost accessible space, contrary to 2010 ADAS 502.6. The absence of signage reduced the availability of accessible parking for Mr. Mortland.

d.  The running slope of the leftmost accessible parking space exceeded 2%, violating 2010 ADAS 502.4. This slope created additional barriers for safe wheelchair entry and exit, further limiting Mr. Mortland's independence.

e.  The middle two accessible parking spaces also had running slopes exceeding 2%, in violation of 2010 ADAS 502.4. These conditions further limited Mr. Mortland's safe parking options and increased his physical risk.

f.  The middle access aisle had a running slope greater than 2%, which did not comply with 2010 ADAS 502.4. This made navigation with a wheelchair difficult and unsafe for Mr. Mortland.

g.  The middle access aisle contained abrupt edges and surface irregularities over 1/4 inch, violating 2010 ADAS 502.4. These features increased the risk of wheelchair instability and injury for Mr. Mortland.

h.  The right access aisle had a running slope exceeding 2%, in violation of 2010 ADAS 502.4. This slope hindered safe wheelchair movement for Mr. Mortland.

i.  The right access aisle contained abrupt edges and surface irregularities over 1/4 inch, which violated 2010 ADAS 502.4. These irregularities posed a hazard for Mr. Mortland.

j.  The right accessible parking space had a running slope exceeding 2%, contrary to 2010 ADAS 502.4. This further reduced the number of safe, usable parking spaces for Mr. Mortland.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 7

k. The required parking signage was missing at the rightmost accessible space, violating 2010 ADAS 502.6. The lack of signage increased the likelihood of the space being occupied by unauthorized vehicles, limiting access for Mr. Mortland.

**Hotel Entry**

l. The floor mats at the hotel entry door were not secured in place, which violated 2010 ADAS 302.2. Unsecured mats interfered with wheelchair traffic, creating a risk of slipping or getting stuck for Mr. Mortland.

**Room 304**

m. The wall lamp between the beds was not reachable due to obstructed knee clearance, violating 2010 ADAS 306.3.3. As a result, Mr. Mortland was unable to independently operate the lamp, reducing the usability of the room.

n. The wall lamp between the right bed and the wall was also not reachable due to obstruction, in violation of 2010 ADAS 306.3.3. This further limited Mr. Mortland's ability to control lighting in the room.

o. The route to the nightstand and wall lamp between the right bed and wall was only 25 inches wide, below the 36-inch minimum required by 2010 ADAS 403.5.1. The narrow route restricted wheelchair access, preventing Mr. Mortland from reaching essential room features.

p. The drawer pulls on the nightstands required tight grasping, pinching, or twisting of the wrist, which violated 2010 ADAS 309.4. These were difficult to operate by Mr. Mortland.

q.  The closet door hardware was not accessible, contrary to 2010 ADAS 404.2.7. It was difficult for Mr. Mortland to open or close the closet doors.

r.  The closet rod was positioned at 62 inches, too high for either a side or front approach, violating 2010 ADAS 308.2.1 and 308.3.1. Mr. Mortland could not access hanging storage in the closet.

s.  The shelf was positioned at 64 inches, too high for access, in violation of 2010 ADAS 308.2.1 and 308.3.1. This prevented Mr. Mortland from using the shelf for storage.

t.  The ironing board and iron were out of the maximum allowable reach range for a side approach (61 and 67 inches high), violating 2010 ADAS 308.3.1. Mr. Mortland could not use these amenities.

u.  The bathtub controls were not located on the end wall between the rim and grab bar, as required by 2010 ADAS 607.5. The controls were difficult for Mr. Mortland to reach safely, limiting his ability to use the bathtub.

v.  The bathtub lacked a hand-held spray unit with a non-positive shut-off, violating 2010 ADAS 607.6. This limited Mr. Mortland's ability to bathe independently.

w.  The shower spray unit's operable parts were not within the required reach range (higher than 48 inches), contrary to 2010 ADAS 205.1. Mr. Mortland could not access the shower controls.

x.  The control wall grab bar was obstructed by the shower controls, violating 2010 ADAS 609.3. This obstruction compromised safety during transfers for Mr. Mortland.

y.  The head end wall grab bar was obstructed by dispensers, which did not comply with 2010 ADAS 609.3. This further reduced safe transfer options for Mr. Mortland.

z.  The control wall grab bar was installed at 26 inches, below the required height of 33–36 inches, violating 2010 ADAS 609.4. The grab bar was not usable for safe support by Mr. Mortland.

aa. The bathtub did not have an in-tub seat or permanent seat at the head end, as required by 2010 ADAS 607.3. Mr. Mortland could not safely transfer or bathe without this feature.

bb. The side grab bar was too low (30.5 inches), violating 2010 ADAS 609.4. This made it difficult for Mr. Mortland to use the grab bar for support.

cc. The side grab bar was not long enough (36 inches instead of the required 42–54 inches), contrary to 2010 ADAS 604.5.1. The insufficient length reduced the effectiveness of the grab bar for Mr. Mortland.

dd. The side grab bar did not extend far enough from the rear wall (47 inches instead of 54 inches), violating 2010 ADAS 604.5.1. This limited the area of safe support for Mr. Mortland.

ee. The clear floor space for the shelf, towels, and towel rack was obstructed, in violation of 2010 ADAS 305.3. Mr. Mortland could not access these amenities.

ff. The shelf was mounted at 54 inches, above the required range of 40–48 inches, violating 2010 ADAS 603.4. This made the shelf inaccessible to Mr. Mortland.

gg. The mirror was mounted with the bottom edge at 44 inches, above the 40-inch maximum, contrary to 2010 ADAS 603.3. Mr. Mortland could not use the mirror from his seated position.

hh. The hairdryer was mounted 61–68 inches high, out of the maximum allowable reach range, violating 2010 ADAS 308.3.1. Mr. Mortland could not use the hairdryer.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

ii.  The coat hook was mounted at 74 inches, far above the 48-inch maximum, in violation of 2010 ADAS 308.3.1. Mr. Mortland could not use the coat hook.

**Other Mobility Guest Rooms**

jj.  Upon information and belief, there are not enough accessible rooms designed with mobility features, violating 2010 ADAS 224.2. This limited Mr. Mortland's options for accessible accommodation.

kk.  Upon information and belief, accessible guest rooms are not dispersed among various classes of sleeping accommodations, contrary to 2010 ADAS 224.5. Mr. Mortland did not have the same range of choices as other guests.

ll.  Upon information and belief, vanity countertop space in accessible rooms are not comparable to non-accessible rooms, violating 2010 ADAS 806.2.4.1. Mr. Mortland had less usable space for personal items.

**Breakfast Area**

mm.  Elevated food items and back plates were too high and out of the maximum reach range for a side approach, violating 2010 ADAS 308.3.2. Mr. Mortland had difficulty accessing certain food items.

nn.  Cereal boxes and fruit bowls were too high and out of the maximum reach range for a side approach, in violation of 2010 ADAS 308.3.2. These items were out of safe reach range for Mr. Mortland.

oo.  Yogurts and other food items were too high and out of the maximum reach range for a side approach, violating 2010 ADAS 308.3.2. Mr. Mortland was unable to access these items without difficulty.

pp. There were no accessible dining surfaces, contrary to 2010 ADAS 226.1. Mr. Mortland could not dine comfortably or safely in the breakfast area.

qq. Compliant knee and/or toe clearance was not provided at tables, violating 2010 ADAS 306.2.1. Mr. Mortland could not position his wheelchair at the tables.

**Men's Public Restroom**

rr. Water and drain pipes under the lavatory were not adequately insulated, violating 2010 ADAS 606.5. Mr. Mortland was at risk of burns or injury from exposed pipes.

ss. The mirror was mounted with the bottom edge at 44 inches, above the 40-inch maximum, in violation of 2010 ADAS 603.3. Mr. Mortland could not use the mirror from his wheelchair.

tt. The water closet compartment was missing a loop handle on the inside of the door, contrary to 2010 ADAS 604.8.1.2. Mr. Mortland could not independently open or close the stall door.

uu. The coat hook was mounted at 58 inches, above the required range, violating 2010 ADAS 604.8.3. Mr. Mortland could not independently use the coat hook.

vv. Accessible features were not maintained in operable working order; the toilet seat was broken and detached, violating 2010 ADAS 28 C.F.R. Section 36.211(a). This created a dangerous hazard for Mr. Mortland during transfers.

ww.    The toilet was not located within the required range from the side wall (19 inches instead of 16–18 inches), in violation of 2010 ADAS 604.2. Improper placement made transfers more difficult and unsafe for Mr. Mortland.

xx. The toilet paper dispenser was not installed within the compliant range, violating 2010 ADAS 604.7. Mr. Mortland could not easily access toilet paper.

**Hotel Shuttle**

yy. The hotel shuttle was not accessible, in violation of 49 CFR Part 37 (ADA Transportation Regulations). Had he so desired, Mr. Mortland would have been unable to use the hotel's transportation services, limiting his mobility and independence.

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

18. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*, either then, now or in the future.

19. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

20. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Mr. Mortland was denied his civil rights to full and equal access to public facilities. Mr. Mortland suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13

prayed hereinafter in an amount within the jurisdiction of this court.

21. On information and belief, construction alterations carried out by Defendant have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*

22. Mr. Mortland, as described herein below, seeks injunctive relief to require the Holiday Inn Louisville Airport South hotel to be made accessible to meet the requirements of both Kentucky law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the Holiday Inn Louisville Airport South hotel as a public facility. Plaintiff seeks damages for violation of his civil rights, from the date of his visit until such date as Defendant brings the establishment into full compliance with the requirements of Kentucky and federal law.

23. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

24. Because of Defendant's violations, Mr. Mortland and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the Holiday Inn Louisville Airport South hotel accessible to persons with disabilities.

25. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 14

the Holiday Inn Louisville Airport South hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Kentucky.

26.    On information and belief, the subject public facility of the Holiday Inn Louisville Airport South hotel denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of the Kentucky Civil Rights Act, KRS 344, *et seq.*

27. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the Holiday Inn Louisville Airport South hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15

situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

28.     Plaintiff will return to the subject Holiday Inn Louisville Airport South hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

27.     Should the Holiday Inn Louisville Airport South hotel become accessible, Mr. Mortland will visit it again because he frequently travels through and stays in the Louisville, KY area while traveling to various racing events at the National Corvette Museum Motorsports Park in Bowling Green, KY.

28.     Furthermore, upon resolving this dispute, plaintiff intends to return to the Holiday Inn Louisville Airport South hotel to confirm whether Defendant removed the barriers to access which are the subject of this litigation.

I.      **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq*.)**

29.     Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 28 of this complaint.

30.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 16

existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

31. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

32.        As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

(7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
. . .
(A) an inn, hotel, motel, or other place of lodging ***;

42  U.S.C. §12181(7)(A).

33. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

34. The specific prohibitions against discrimination set forth in §302(b)(2)(a),
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 17

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

35.   The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*, making available damage remedies.

36. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject Holiday Inn

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 18

Louisville Airport South hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

37. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

38. On information and belief, construction work on, and modifications of, the subject Holiday Inn Louisville Airport South hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA. Upon information and belief, the subject Holiday Inn Louisville Airport South hotel was constructed in or around the year 2009.

39. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 19

is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

40. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about October 19, 2025 through October 20, 2025, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

41. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

42. Plaintiff seeks damages pursuant to the Kentucky Civil Rights Act, KRS 344, *et seq.*, which provide, within the statutory scheme, that a violation of the ADA and/or Kentucky's accessibility standards is a violation of Kentucky law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

## II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT, KRS 344, ET SEQ.

43. Plaintiff repleads and incorporates by reference as if fully set forth again herein,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 20

the allegations contained in paragraphs 1 through 42 of this complaint.

44. At all times relevant to this action, the Holiday Inn Louisville Airport South hotel and the business therein, are "places of public accommodation" pursuant to KRS 344.130.

45. Defendant committed an unlawful act pursuant to KRS 344.120 by denying Plaintiff his full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or privileges at its place of public accommodation because of a disability.

46. Plaintiff has desired and attempted to enjoy the goods and services at the Holiday Inn Louisville Airport South hotel as a customer. He has been prevented from doing so do to the existing architectural barriers at the property. As a result, he has been distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries, as provided for in KRS 344.450.

47. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, personal injury, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

48. Pursuant to Kentucky law, plaintiff is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $5,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

III. **THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT**

49. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 48 of this complaint.

50. By engaging in the course of conduct alleged herein, Defendant engaged in unfair, false,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 21

misleading, and/or deceptive acts or practices in the conduct of trade and/or commerce.

51. Mr. Mortland is within the class of people the Kentucky legislature intended to protect with the Kentucky Consumer Protection Act.

52. Defendant made false, unfair, deceptive, or misleading statements and acts to Mr. Mortland, including, but not limited to the following:

53. Advertising on its website the Holiday Inn Louisville Airport South hotel had the following accessible amenities:

    a.   Accessible parking;

    b.   Accessible self parking available;

    c.   Van Accessible self parking available;

    d.   Complimentary accessible transportation with advance notice;

    e.   Flat terrain between parking and entrance;

    f.   Curb Ramps and wheelchair accessible street parking;

    g.   Number of wheelchair accessible parking spaces: 6;

    h.   Designated accessible parking spaces with posted signs;

    i.   Disabled or accessible parking;

    j.   Ramp access to property.

54. Said false, unfair, deceptive and misleading advertising induced Mr. Mortland, a person with a disability who uses a wheelchair, to stay at the Holiday Inn Louisville Airport South hotel.

55. As a result of the above acts and practices, Defendant has violated the Kentucky Consumer Protection Act, KRS 367.170, *et seq.*

56. As a result of the foregoing deceptive acts and practices, Defendant has caused damages incurred by Mr. Mortland.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 22

57. Mr. Mortland is entitled to consequential and punitive damages, pre-judgment interest and attorney fees under the Kentucky Consumer Protection Act, KRS 367.170, *et seq*.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff Derek Mortland prays that this court grant relief and damages as follows:

**I.   PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.   For injunctive relief, compelling Defendant to make Holiday Inn Louisville Airport South hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.   For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.   For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT KRS 344, *ET SEQ*.**

4.   For injunctive relief, compelling Defendant to make Holiday Inn Louisville Airport South, readily accessible to and usable by individuals with disabilities, per state law.

5.   General and compensatory damages according to proof;

6.   All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 23

disabilities full and equal access.

7. Attorneys' fees pursuant to Kentucky law, if plaintiff is deemed the prevailing party;

8. Punitive damages, pursuant to Kentucky law;

9. For all costs of suit;

10. Prejudgment interest pursuant to Kentucky law; and

11. Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT**

12. For injunctive relief, compelling Defendant to remove all false, unfair, deceptive and misleading advertising from its website and other advertisements for the Holiday Inn Louisville Airport South hotel.

13. General and compensatory damages according to proof;

14. All damages for each day, from the inception of the filing of this complaint, on which Defendant continues to permit false, unfair, deceptive, and misleading advertising on its website.

15. Attorneys' fees pursuant to Kentucky law, if plaintiff is deemed the prevailing party;

16. Punitive damages, pursuant to Kentucky law;

17. For all costs of suit;

18. Prejudgment interest pursuant to Kentucky law; and

19. Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, OH 44319
Office: (330) 253-3337
Cell: (330) 603-7173
Fax: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff Derek Mortland